IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



UNITED STATES OF AMERICA

V.  CRIMINAL NO. 5:04cr17BrSu

DAVID ATWOOD

## RESPONSE TO MOTION TO SEVER COUNTS

COMES NOW the United States Attorney, by and through his undersigned assistant, and files this its response to the Motion To Sever Counts filed by the defendant, David Atwood, and in support would show unto the Court the following:

The defendant has moved pursuant to Rule 14. Relief From Prejudicial Joinder, to sever Counts 1 and 8 from his indictment and asks that he be tried separately on Counts 1, 2-7, and 8. The scheme proposed by the defendant would apparently require three trials. He alleges further that Counts 1 and 8 both involve conduct that would prejudice a jury if they heard the charge and that if the Court fails to sever the counts and the defendant is put to trial on the indictment as it is presently charged, then he will suffer "clear, specific and compelling" prejudice.

Severance motions are committed to the sound discretion of the district court. On appeal, the review standard would be whether the district court abused its discretion in denying the severance motion. United States v. Broussard, 80 F.3d 1025, 1036 (5 Cir.), cert. denied, 117 S.Ct. 264 (1996).

Under the standard of review for severance, as stated above, "'a defendant must show that

he suffered specific and compelling prejudice against which the district court could not provide adequate protection, and that this prejudice resulted in an unfair trial.'" United States v. Mitchell, 31 F.3d 271, 276 (5 Cir. 1994) quoting United States v. Villarreal, 963 F.2d 725, 731 (5 Cir.), cert. denied, 113 S.Ct. 353 (1992); See also, United States v. Cavin, 39 F.3d 1299 (5 Cir. 1994) David Atwood has failed to demonstrate any prejudice that cannot be cured by proper instruction to the jury.

Rule 8(a) of the Rules of Criminal Procedure says that:

> **Joinder of Offenses.** The Indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The government will show that the defendant in this case used the same method and means of committing each of the crimes charged in the indictment and that all the Counts are tied together by his use of a computer. The crimes are part of a common scheme or plan.

The defendant argues that a jury will be prejudiced against him if it hears testimony related to the internet threat and the use of the internet to induce a minor to engage in sex. In Zafiro v. United States, 506 U.S. 534, 537-38, 113 S.Ct. 933, 937 (1993), the Supreme Court held that a severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." 506 U.S. at 539. While Zafiro concerned the trial of multiple defendants, the reasoning contained therein is still applicable to this case. David Atwood has not shown, or even hinted, what specific trial right might be

compromised if the severance is not granted. Nor does he articulate how the presentation of evidence relating to Counts 1 and 8 would prevent the jury from making the appropriate judgments. As set forth in Zafiro, limiting instructions can be given in this case, and thus cure any possible prejudice.

In United States v. Park 531 F.2d 754, 760-61 (5th Cir.1976), the Court stated that rule 8 is to be broadly construed in favor of initial joinder. The Court went on to say that the transaction requirement of rule 8 is flexible: "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. at 761. The government's position in this case is that all the counts in the indictment are linked to the defendant's use of the internet. The defendant's plan throughout was to use the internet to make threats, to commit fraud, and to induce a minor into engaging in sex.

Finally, the government will show that the Fifth Circuit has anticipated this exact situation and has a form jury instruction that is intended to be given in a case such as this. The instruction reads:

> A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

For the foregoing reasons, the defendant's motion for severance is without merit and should be denied.

This the 7th day of March, 2005.

Respectfully submitted,

DUNN LAMPTON
United States Attorney

By: *[signature]*
HAROLD BRITTAIN
Assistant U.S. Attorney
MS Bar. No. 4556

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this date mailed, postage prepaid, a true and correct copy of the foregoing Government's Response to Motion to Sever Counts, to Frank J. Campbell, 1117 Openwood Street, Vicksburg, Mississippi 39183, and Gerard W. Campbell, 1119 Openwood Street, Vicksburg, Mississippi 39180.

This the 7th day of March, 2005.

*[signature]*
HAROLD BRITTAIN
Assistant U. S. Attorney
MS State Bar No. 4556