| Memorandum | | D J |
|---|---|---|

| Subject | Date |
|---|---|
| U.S. v. David Garland Atwood, II<br>Criminal No. 5:04cr17DCB-JCS | March 23, 2005 |

| To | From |
|---|---|
| Honorable Gerard W. Campbell<br>Attorney at Law | Harold Brittain<br>Assistant U.S. Attorney |

[FILED stamp: SOUTHERN DISTRICT OF MISSISSIPPI, APR 1 2005, J.T. NOBLIN, CLERK, BY ___ DEPUTY]

## MEMORANDUM OF UNDERSTANDING

David Garland Atwood, II, Defendant herein, and Gerard W. Campbell, attorney for David Garland Atwood, II, have been notified that:

1. If the Defendant tenders a plea of guilty to Counts 2 and 8 of the Indictment charging a violation of Sections 1343, and 2422(b) Title 18, United States Code, fraud by wire and use of a facility in interstate commerce to induce a minor to engage in sexual activity;

2. Thereafter, the United States Attorney will recommend the following:

(a) That the Court accept the Defendant's plea of guilty; and

(b) as to sentencing, will recommend that the defendant be sentenced to the lower 25% of the applicable guideline range as to Count 2; and,

(c) Stipulate that the intended loss pursuant to Count 2 is $ _30,072.27_ and, [DA]
    [HB]

(d) as to Count 8 will recommend that the Court sentence the defendant to the minimum sentence authorized by statute or 60 months, or to the minimum month as calculated by the guidelines, whichever is greater, and;

(e) the remaining Counts of the Indictment will be dismissed at sentencing.

3. It is understood that, as of the date of the signing of this Memorandum, the Defendant and counsel have indicated that the Defendant desires to plead guilty to the Indictment. [DA]

4. It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of

the U.S. Attorney, but may sentence the Defendant to the maximum fine and imprisonment as provided by law, and the United States Attorney has no other obligation in regard to sentencing than as stated in Paragraph No. 2.

5. The defendant understands and agrees: that the Court may impose any sentence authorized by law; and that the defendant may not withdraw his plea solely as result of the sentence imposed. The defendant understands that the offenses to which he is pleading will result in felony convictions. The defendant also understands that the penalty for the offense charged in Count 2 of the Indictment charging violation of Section 1343, Title 18, United States Code, fraud by wire, is a term of imprisonment of not more than 30 years, a term of supervised release of up to 5 years and a fine of up to $1,000,000.00. The defendant further understands that the penalty for the offense charged in Count 8 of the Indictment charging violation of Section 2422(b), Title 18, United States Code, use of a facility in interstate commerce to induce a minor to engage in sexual activity, is a term of imprisonment of not less than 5 years and not more than 30 years, a term of supervised release of up to life and a fine of up to $1,000,000.00. Defendant further understands that a term of supervised release will be imposed and that term will be in addition to any prison sentence he receives; further, if any of the terms of his supervised release are violated, the defendant can be returned/sent to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to the defendant's violation of those conditions.

6. It is further understood and specifically acknowledged by the Defendant that the consideration for the action by the United States Attorney herein is the Defendant's representation, by execution of this Memorandum of Understanding and otherwise, that the Defendant both can and will carry out the terms and conditions herein.

7. The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed as provided in Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case. The defendant waives any right to seek attorneys fees and/or costs under the "Hyde Amendment," that is, Section 617 of Public Law 105-119, as codified in Section 3006A, Title 18, United States Code, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith. The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

8. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, set forth at Section 552, Title 5, United States Code, or the Privacy Act of 1974, Section 552a, Title 5, United States Code.

9. The defendant and his attorney understand that this is a case which involves potential restitution, fines, or a special assessment and that the collection of any restitution, fine, or special assessment will require regular contact with the defendant during the period of his incarceration, if any, and during any period of probation or supervised release. Further, the defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the United States Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the United States Attorney's Office does not receive any written response from defense counsel within two weeks from the date of entry of the Judgment in this case, the United States Attorney's Office will presume that defense counsel no longer represent the defendant, and the Financial Litigation Unit will communicate directly with the defendant regarding collection of the financial obligations imposed by the Court. The defendant and his attorney understand and agree that such direct contact with the defendant shall not be deemed an improper ex parte contact with the defendant if defense counsel fails to notify the United States Attorney's Office of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

10. It is further understood that the Court shall require the defendant to pay whatever sum the Court deems appropriate as restitution in this case based upon defendant's financial ability to pay, in accord with the provisions of §3663, Title 18, United States Code, and the defendant agrees to pay full restitution, which will include all victims directly or indirectly harmed by the defendant's relevant conduct, as defined by *U.S.S.G.* §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663. Further, the defendant understands and agrees that, in the event there are co-defendants in this matter, he is jointly and severally liable to make restitution along with such co-defendants who are ordered to make restitution for the same violation(s). The parties further agree that the Court may accept the information in the Presentence Investigation Report, except any facts to which the defendant files written objections, as establishing sufficient factual findings regarding the amount of loss sustained by the victim, the financial resources of the defendant, earning ability of the defendant, and any other factors contained in said report [18 U.S.C. §3664(a) & (b)].

11. It is further understood that the defendant may be sentenced pursuant to the Federal Sentencing Guidelines Act and that the defendant and his attorney have discussed the possible sentence that he may receive. The defendant specifically acknowledges that he is not relying upon anyone's advice as to what sentence he may receive for the offense in entering this plea and recognizes that he may be sentenced to the maximum penalties set forth herein.

12. It is further understood and specifically agreed to by the Defendant that, at the time of sentencing, the Defendant will then and there pay over to the Clerk of the Court the special assessment as required by Section 3013, Title 18, United States Code.

13. It is further understood that this Memorandum completely reflects all promises, agreements and conditions made by and between the United States Attorney for the Southern District



of Mississippi and the Defendant.

WITNESS OUR SIGNATURES, this the 24th day of March 2005.

DUNN LAMPTON
United States Attorney

Harold Brittain
Assistant U.S. Attorney

David Garland Atwood, II
Defendant

Gerard W. Campbell
Attorney for Defendant

FRANK CAMPBELL ASSOCIATE COUNSEL