AO 245B (Rev. 8/01) Judgment in a Criminal Case
Sheet 1

JJ/fw

# UNITED STATES DISTRICT COURT

Southern District of Mississippi
Western Division



| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| V. | Case Number: 5:04cr17BrSu-001 |
| | **SUPERSEDING INDICTMENT** |
| **DAVID GARLAND ATWOOD, II** | Defendant's Attorney: Jerry Campbell |
| | 1117 Openwood Street |
| | Vicksburg, MS 39183 |

## THE DEFENDANT:

☒ pleaded guilty to Count(s)  2(s) and 8(s)

☐ pleaded nolo contendere to Count(s) _____
which was accepted by the Court.

☐ was found guilty on Count(s) _____
after a plea of not guilty.

ACCORDINGLY, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 05/16/04 | 2(s) |
| 18 U.S.C. § 2422(b) | Use of a Facility in Interstate Commerce to Induce a Minor to Engage in Sexual Activity | 02/04 | 8(s) |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ Count(s)  1(s), 3(s), 4(s), 5(s), 6(s), and 7(s)   ☐ is   ☒ are   dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:

Defendant's Residence Address:

5920 Fisher Ferry Road

Vicksburg, MS 39180

(Grandmother's residence)

Defendant's Mailing Address:

Same

June 21, 2005
Date of Imposition of Judgment

_Signature of Judicial Officer_

David C. Bramlette, III, U. S. District Judge
Name and Title of Judicial Officer

7-8-05
Date

DEFENDANT: ATWOOD, David Garland, II
CASE NUMBER: 5:04cr17BrSu-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __sixty-three (63) months as to each of Counts 2(s) and 8(s), to run concurrently__.

■ The Court makes the following recommendations to the Bureau of Prisons:
**The Court recommends the defendant be allowed to serve this sentence to the extent possible, if commensurate with his classification, at Eglin AFB, if not there then Maxwell AFB, and if not there, Yazoo City, Mississippi. The Court also encourages the Bureau of Prisons to allow him to take advantage of any and all educational programs.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ by _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ATWOOD, David Garland, II
CASE NUMBER: 5:04cr17BrSu-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _five (5) years as to each of Counts 2(s) and 8(s) to run concurrently_.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

    The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ATWOOD, David Garland, II
CASE NUMBER: 5:04cr17BrSu-001

## SPECIAL CONDITIONS OF SUPERVISION

A) The defendant shall participate in a program approved by the supervising U. S. Probation Officer for the treatment and monitoring of sex offenders.

B) At the direction of the supervising U. S. Probation Officer, the defendant shall submit to polygraph examination(s), by a licensed polygraph examiner, as approved by the U. S. Probation Officer, and shall burden the cost of the examination.

C) The defendant shall register as a sex offender with law enforcement in the area in which he resides within a 10 day period of the beginning of supervision or relocation.

D) The defendant shall consent to the U. S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U. S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

E) The defendant shall maintain a daily log of all addresses via any personal computer, or other computers used by the defendant, other than for authorized employment, and make this log available to the supervising U. S. Probation Officer.

F) The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the supervising U. S. Probation Officer.

Judgment — Page  5  of  6

DEFENDANT: ATWOOD, David Garland, II
CASE NUMBER: 5:04cr17BrSu-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 ($100.00 as to each count) | $ | $ 25,634.30 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Citigroup<br>14700 Citicorp Drive<br>Hagerstown, MD  21742<br>Attn: Lantz Nolan<br>Acct #5187520015941355 |  | $20,632.03 |  |
| Chase Card Services<br>4900 Memorial Highway<br>2nd Floor<br>Tampa, FL  33634<br>Attn: Bob Heikkila<br>Acct. #4357873540000966 |  | $  303.57 |  |
| American Express<br>1117 Perimeter Center West<br>Suite #N117<br>Atlanta, Georgia  30338<br>Attention: Bill McCrossen<br>Acct. #371318674311003 |  | $ 4,698.70 |  |
| **TOTALS** | $ _____ | $ __25,634.30__ |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The Court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ■ the interest requirement is waived for the     ☐ fine and/or   ■ restitution.

   ☐ the interest requirement for the     ☐ fine and/or   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: ATWOOD, David Garland, II
CASE NUMBER: 5:04cr17BrSu-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ■ D, or ■ E below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ■ Payment in equal _monthly_ (e.g., weekly, monthly, quarterly) installments of $ _300.00_ over a period of _59 months_ (e.g., months or years), to commence _30 days_ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ■ Special instructions regarding the payment of criminal monetary penalties:

  **In setting this nominal payment amount, the Court is acknowledging this defendant does not have the present ability to pay the full amount of restitution during the period of supervision. Prior to discharge from supervision, the defendant shall make satisfactory arrangements for the continued payment of the balance owed on this restitution with the U. S. Attorney's Office Financial Litigation Unit and the U. S. Probation Office.**

Unless the Court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.